IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA       :

                v.             :  CIVIL ACTION NO.

WOMEN'S MEDICAL GROUP,         :
DAVID MAZER and JANE
STEINMAN MAZER                 :

## COMPLAINT

### INTRODUCTION

1.   The United States alleges that defendant Women's
Medical Group, which was owned by defendant Jane Mazer, who
was doing business as Jane Steinman and was managed and
controlled by David Mazer, falsely billed the Medicare
program for the sale of customized back braces, knee braces
and electric wheelchairs during the period from January 1999
through December 31, 2003.  The fraudulent billing scheme
involved the submission of more than two thousand six
hundred (2600) reimbursement claims under an upcoded billing
code.  The United States seeks a judgment against defendants
Women's Medical Group, Jane Steinman Mazer and David Mazer,
jointly and severally, for treble damages, plus penalties,
together with costs of this action and such other and
further relief as may be just and proper.

## **JURISDICTION AND VENUE**

2.    This action arises under the False Claims Act, as amended, 31 U.S.C. §§ 3729-3733, and the common law theories of payment by mistake of fact and unjust enrichment.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1331.

3.    This Court has personal jurisdiction over the defendants because they are located in this district, submitted claims for payment to the United States from this district, and received payments from the United States in this district.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c), and 31 U.S.C. § 3732(a), because Women's Medical Group conducts its business within this district, and a substantial part of the events giving rise to the causes of action in this complaint occurred in this district.

## **PARTIES**

5.    Plaintiff in this action is the United States of America (the United States or Government).  The United States files this Complaint on behalf of the Department of Health and Human Services (HHS), Centers for Medicare and

2

Medicaid Services (CMS) (hereinafter referred to by its former name the Health Care Financing Administration (HCFA)).

    6.    Defendant Women's Medical Group (Women's Medical) was a sole proprietorship engaged in the business of renting or selling durable medical equipment (DME) and could be found doing business in the Commonwealth of Pennsylvania. Women's Medical's principal place of business was 4569 Cottman Ave, Philadelphia, Pa.

    7.    Defendant Jane Steinman Mazer was the sole owner of Women's Medical under the name of Jane Steinman.    Jane Steinman Mazer resides in the Eastern District of Pennsylvania.

    8.    Defendant David Mazer, husband of Jane Steinman Mazer, managed and controlled  Women's Medical during all time periods relevant to this complaint.    David Mazer resides in the Eastern District of Pennsylvania.

## THE MEDICARE PROGRAM

    9.    Except as specifically noted in this complaint, the statements in paragraphs 10 through 23 describing the Medicare program apply to the period from 1996 through the present.

3

10.   Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 - 1395ggg (1999), establishes the Health Insurance for the Aged and Disabled Program, popularly known as the Medicare program.   The Secretary of HHS administers the Medicare program through the Centers for Medicare and Medicaid Services (CMS) formerly known as HCFA, a component of HHS.

11.   The Medicare program is comprised of several parts. The part of Medicare at issue in this case is Part B. Medicare Part B provides federal government funds to help pay for, among other things, certain Durable Medical Equipment (DME) and supplies provided to Medicare beneficiaries.

12.   Medicare Part B is funded by insurance premiums paid by enrolled Medicare beneficiaries and contributions from the federal treasury.   Eligible individuals who are age 65 or older, or disabled, may enroll in Part B to obtain benefits in return for payments of monthly premiums as established by HHS.   42 U.S.C. §§ 1395j, 1395o, 1395r.   The items and services covered by Part B include certain DME. 42 U.S.C. § 1395m.

4

13.   The United States provides reimbursement for Medicare claims through the HCFA.   HCFA in turn, contracts with private insurance carriers to administer, process and pay Part B claims from the Federal Supplementary Medical Insurance Trust Fund (the Part B Trust Fund).   42 U.S.C. § 1395u.   In this capacity, the carriers act on behalf of HCFA.   42 C.F.R. § 421.5(b) (1994).

14.   In 1993, HCFA consolidated the responsibilities for DME reimbursement into four regional carriers called Durable Medical Equipment Regional Carriers (DMERCs).   In 1999 and thereafter Women's Medical submitted claims to the DMERC for Region A, which until September 22, 2000  was United Health Care, thereafter HealthNow New York Inc.

15.   HCFA assigns billing codes to medical products and services to be used by suppliers and medical providers when billing Medicare Part B.   These codes are contained in the HCFA Common Procedure Coding System, and are called HCPCS codes.   Each HCPCS code is assigned an allowable charge on a state-by-state basis.   The allowable charges are published in a fee schedule.

5

16. Medicare Part B reimburses providers of DME 80% of the lesser of the actual charge or the fee schedule under the appropriate HCPCS code. 42 U.S.C. § 1395m(a)(1)(B).

17. DME products that have not been assigned to a specific HCPCS code are coded using E1399 (DME, Miscellaneous, not elsewhere classified), and the amount of reimbursement is based upon the carrier's or the DMERC's analysis of the specific product.

18. Providers must comply with applicable statutes, regulations and guidelines in order to be reimbursed by Medicare Part B.

19. A provider has a duty to familiarize itself with the statutes, regulations and guidelines regarding coverage of the Medicare products and services and submit claims for reimbursement which are factually accurate and which comply with all statutes, regulations and guidelines.

20. A DME provider who receives reimbursement under Medicare Part B must also meet certain obligations, including not making false statements or misrepresentations of material facts concerning requests for payment under Medicare. 42 U.S.C. §§ 1320a-7a(a)(1), 1320a-7b(a)(1) and (2).

6

21.   A DME provider may submit claims to Medicare Part
B under assignment of benefits agreements with the patients.
Under these assignment of benefits agreements the DME
provider is allowed to bill directly Medicare Part B on
behalf of the patients, and is subject to the rules and
regulations established by HCFA for Medicare reimbursement.

22.   In order to obtain reimbursement from Medicare,
DME providers submit claims to the DMERC either on a
standardized form, commonly referred to as HCFA-1500 Form or
electronically.   On a HCFA-1500 Form, the DME provider must
certify, among other things, the HCPCS code applicable to
the product or service provided.

23.   Each HCFA-1500 Form contains the following notices
to suppliers:

> **NOTICE:   Any person who knowingly
> files a statement of claim containing any
> misrepresentation or any false,
> incomplete or misleading information may
> be guilty of a criminal act punishable
> under law and may be subject to civil
> penalties.**
>
> **NOTICE:   Any one who misrepresents
> or falsifies essential information to
> receive payment from Federal funds
> requested by this form may upon
> conviction be subject to fine and
> imprisonment under applicable Federal
> laws.**

7

24.  In order for a DME to be reimbursed by Medicare, a physician must determine that the DME is medically necessary for the beneficiary.  Medicare has established standards for documenting medical necessity for certain DME that is more stringent than the simple requirement of a "prescription." The physician must complete a Certificate of Medical Necessity (CMN) for certain DME items. The CMN contains detailed questions regarding the beneficiary's condition that justifies the ordering of that specific item of DME, the estimated length of time the DME will be needed and the diagnosis codes associated with the patient. Section B of the CMN contains the specific prohibition, **"Information in this Section May Not Be Completed by the Supplier of the Items/Supplies".**  A physician must sign the CMN.

25.  Upon receiving a claim, the DMERC determines the reimbursement amount for the claim as 80% of the lesser of the actual charge or fee schedule, subject to other applicable deductibles.  The Medicare beneficiary, or his or her supplemental insurance carrier, is required to pay the remaining 20 percent.  This 20 percent is sometimes referred to as a "co-payment."

8

## **FACTS**

26.   At all times relevant to this complaint, Women's
Medical, David Mazer and Jane Steinman Mazer (hereinafter
the defendants) provided certain durable medical equipment
to Medicare beneficiaries including wheelchairs,  back
braces and knee braces.

27.   At all relevant times to this complaint the proper
HCPCS code to bill a new electric powered wheelchair to
Medicare was K0011NU.   The proper HCPCS code for an electric
powered scooter was E 1230.   At all relevant times Medicare
reimbursement for K0011NU was higher than reimbursement for
E 1230.

28.   The defendants knowingly provided electric
scooters to Medicare beneficiaries and billed Medicare for a
new electric powered wheelchair (K0011NU) in excess of seven
(7) times from January 1999 to December 2003.   Medicare paid
in excess of $34,000 for these improperly billed scooters.

29.   At all relevant times to this complaint the
defendants knowingly provided used electric wheelchairs to
Medicare beneficiaries and billed Medicare for new electric
wheelchairs.   Reimbursement by Medicare for new electric

9

wheelchairs (K0011NU) was higher than Medicare reimbursement for used wheelchairs (K0011UE).

30. The defendants provided used electric wheelchairs (K0011UE) to Medicare beneficiaries and billed Medicare for new wheelchairs (K0011NU) in excess of four (4) times during the relevant time period. Medicare paid in excess of $24,000 for the improperly billed used electric wheel chairs.

31. At all times relevant to this complaint the proper HCPCS code to bill a custom fabricated lumbo-sacral orthosis was LO-510 while the proper HCPCS code to bill a custom fabricated sacroiliac support was LO-610. (Hereinafter both LO-510 and LO-610 will be called "custom fabricated back brace") . The proper HCPCS code for a prefabricated lumbo-sacral orthosis was LO-500. (Hereinafter LO-500 shall be referred to as "prefabricated back brace"). A custom fabricated back brace was reimbursed by Medicare at a higher rate than a prefabricated back brace.

32. The defendants knowingly provided prefabricated back braces to Medicare beneficiaries and billed Medicare for custom fabricated back braces in excess of eight hundred (800) times from January 1999 to December 2003. Medicare

10

paid in excess of $151,000 for improperly billed prefabricated back braces.

33. At all times relevant to this complaint the proper HCPCS code to bill a "knee orthosis with condylar pads and joints" to Medicare was LO-1820. The proper HCPCS code for a prefabricated elastic knee orthosis with stays was LO-1800. The more sophisticated brace with condylar pads and joints was reimbursed by Medicare at a higher rate than the elastic knee orthosis with stays.

34. The defendants knowingly provided elastic knee orthosis with stays to Medicare beneficiaries and billed Medicare for knee orthosis with condylar pads and joints in excess of eighteen hundred (1800) times from January 1999 to December 2003. Medicare paid in excess of $168,000 for the improperly billed elastic knee orthoses with stays.

35. Women's Medical under the direction of David Mazer and Jane Steinman Mazer submitted claims to DMERC A which was United Health Care until September 22, 2000 and thereafter was HealthNow New York Inc. These claims were submitted under an assignment of benefits.

36. David Mazer did all the ordering, bookkeeping and billing for Women's Medical himself. Mazer did all the

11

billing for Women's Medical by using Form 1500's and mailing
them, along with the CMN to the DMERC A.

37.   At all relevant times the defendants supplied less
expensive durable medical  equipment to Medicare
beneficiaries and billed Medicare for more expensive
equipment as outlined in paragraphs 25-36.

12

## COUNT I
## FALSE CLAIMS ACT, 31 U.S.C. § 3739(a)(1)
## PRESENTING FALSE CLAIMS
## AGAINST WOMEN'S MEDICAL, DAVID MAZER AND JANE STEINMAN MAZER

38. The United States realleges and incorporates by reference paragraphs 1 through 37 as if set forth fully herein.

39. From no later than January 1999 through December 2003, defendants Women's Medical, David Mazer and Jane Steinman Mazer presented or caused to be presented in excess of two thousand six hundred (2600) false or fraudulent claims for payment to the United States, through the DMERC for Region A by submitting claims on HCFA 1500 forms for reimbursement to the Medicare program.

40. The claims presented were false or fraudulent because they were submitted under the wrong HCPCS code; claims were submitted for a new electronic powered wheel chairs under HCPCS code K0011NU when devise being supplied was either an electric powered scooter (E 1230) or a used electronic powered wheel chair (K0011UE); claims were submitted for a custom fabricated back brace under HCPCS codes LO-610 or LO-510 when a prefabricated back brace (HCPCS code LO-500) was supplied; and claims were submitted for knee braces with condylar pads and joints under HCPCS

13

code LO1820 when ordinary knee braces, HCPCS code LO1800 was supplied.

41. Defendants Women's Medical, David Mazer and Jane Steinman Mazer presented or caused to be presented these claims with actual knowledge of their falsity, or in deliberate ignorance or reckless disregard of their falsity in that such claims were submitted under the wrong, upcoded HCPCS code.

42. As a result of these false or fraudulent claims submitted or caused to be submitted by defendants Women's Medical, David Mazer and Jane Steinman, the United States paid the claims resulting in damage to the United States in an amount to be determined at trial but expected to exceed $ 343,000 in single damages.

## COUNT II
## FALSE CLAIMS ACT, 31 U.S.C. § 3739(a)(2)
## PRESENTING FALSE STATEMENTS
## AGAINST WOMEN'S MEDICAL, DAVID MAZER AND JANE STEINMAN MAZER

43. The United States realleges and incorporates by reference paragraphs 1 through 37 as if set forth fully herein.

44. Defendants Women's Medical, David Mazer, Jane Steinman Mazer presented or caused to be presented

14

statements to induce payment to the United States, through the DMERC for Region A, by submitting false or fraudulent statements on HCFA 1500 forms in excess of two thousand six hundred (2600) times for reimbursement to the Medicare program.

45. The statements presented were false or fraudulent because they misrepresented the HCPCS codes for the material supplied to the Medicare beneficiaries as described above.

46. Defendants Women's Medical, David Mazer and Jane Steinman Mazer presented or caused to be presented these statements with actual knowledge of their falsity, or in deliberate ignorance or reckless disregard of their falsity in that such statements were submitted under the wrong HCPCS code.

47. As a result of these false or fraudulent statements submitted or caused to be submitted by defendants Women's Medical, David Mazer and Jane Steinman Mazer the United States paid false or fraudulent claims for payment, resulting in damage to the United States in an amount to be determined at trial but expected to exceed $ 343,000 in single damages.

15

## COUNT III
## UNJUST ENRICHMENT
## AGAINST WOMEN'S MEDICAL, DAVID MAZER AND JANE STEINMAN MAZER

48. The United States realleges and incorporates by
reference paragraphs 1 through 37 as if set forth fully
herein.

49. Women's Medical, David Mazer and Jane Steinman
Mazer have been unjustly enriched by the course of conduct
alleged in this complaint between January 1999 and December
2003 to the detriment of the United States.

## COUNT IV
## PAYMENT UNDER MISTAKE OF FACT
## AGAINST WOMEN'S MEDICAL, DAVID MAZER AND JANE STEINMAN MAZER

50. The United States realleges and incorporates by
reference paragraphs 1 through 37 as if set forth fully
herein.

51. As a result of the conduct of Women's Medical,
David Mazer and Jane Steinman Mazer, they were paid federal
funds from the United States Treasury that were not properly
payable.

52. At the time such payments were made, the United
States was not aware of the wrongful conduct of Women's
Medical, David Mazer and Jane Steinman Mazer. Had the
United States known that Women's Medical, David Mazer and

16

Jane Steinman Mazer were not entitled to receive the
payments, it would not have approved payment of such funds.

53. The United States is entitled to recover those
funds paid under mistake of fact on account of the wrongful
conduct of Women's Medical, David Mazer and Jane Steinman
Mazer between January 1999 and December 2003.

## PRAYER FOR RELIEF

WHEREFORE, the United States demands and prays that
judgment be entered in favor the United States and against
the defendants as follows:

A. On Counts I and II against defendants Women's
Medical, David Mazer and Jane Steinman Mazer jointly and
severally, for treble the amount of damages established at
trial, plus a penalty as provided by law for each false
claim as established at trial, together with costs of this
action and such other and further relief as may be just and
proper.

B. On Counts III and IV for judgments against
defendants Women's Medical, David Mazer and Jane Steinman
Mazer jointly and severally for its damages, prejudgment

17

interest, post judgment interest, costs and other relief as may be just and proper.

Respectfully submitted,

First Assistant U.S. Attorney

For PATRICK L. MEEHAN
United States Attorney

VIRGINIA A. GIBSON mx/H
Assistant United States Attorney
Chief, Civil Division

SUSAN DEIN BRICKLIN
Assistant United States Attorney
Senior Litigation Counsel
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
(215) 861-8318
(215) 861-8349 (Facsimile)

Dated: 12/22/06